GRIM
v.
WHEELER.

---

GRIM v. WHEELER and another.

---

Interrogatories in a bill need not be answered, where they are not based upon a distinct allegation. Therefore, where intimations formed the case in a bill and there was nothing positive or on information or belief: *Held*, that interrogatories grounded on such intimations need not be answered.

---

*Aug.* 14,
1839.

*Pleading.*
*Answer.*
*Exception.*

*January* 6,
1840.

THIS cause came up on exceptions to a master's report disallowing exceptions to an answer. The statements in the bill were not direct, but hypothetical.

THE VICE-CHANCELLOR said : the allegations of the bill are not positively made nor upon the complainant's information and belief, as required by the eighteenth rule of this court.

They are put forward as intimations, which the complainant has received and the case is stated rather hypothetically than otherwise and upon the supposition that such facts exist (not upon the complainant's personal knowledge, information or even belief of such facts) he frames particular interrogatories and requires a full answer and discovery in relation to such supposed facts. I am inclined to think that a bill framed in this way as a pleading is not sufficient; and for the purpose of discovery it is also objectionable and will not support interrogatories which a defendant can be required to answer.

Whatever improvements may have been adopted in England, it is not with us, " on a mere suggestion of a reasonable supposition" (Gresley's Evidence, 14, 15,) that a defendant can be called upon to answer.

There must be a distinct allegation, either distinctly made —or, perhaps, by way of recital will do—and according to our practice, as established by the 18th rule, if a sworn bill, from the complainant's own knowledge or from what he is informed and can swear he believes to be true. If he has not this basis to proceed upon, he ought not to file a bill. It appears to me, therefore, in the present case that the interrogatories upon which the exceptions are founded are not warranted by the allegations or rather suggestions of this bill. Besides, I am not certain that the defendant has not answered as fully upon the merits of these exceptions as may be material or important for him to answer. I concur with the master in disallowing the exceptions.

Let the order overrule the complainant's exceptions to the master's report, with costs of the reference and upon the hearing of the exceptions to be taxed.

Mr. *Grim*, in pro. per.

Mr. *A. S. Johnson*, for the defendant Wheeler.